UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YVON MONCHER,

    Plaintiff,

v.                                       CASE NO. 6:12-cv-1896-Orl-18KRS

CENTRAL FLORIDA RECEPTION
CENTER, et al.,

    Defendants.

_____

## ORDER OF DISMISSAL

Plaintiff, a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

> (b)   Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)   seeks monetary relief from a defendant who is immune from such relief.

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that in April 2008 a captain at the Central Florida Reception Center sprayed gas into the cell occupied by him and a cell mate. Plaintiff contends that the force was used after his cell mate began banging on the cell door because his chest was hurting. Plaintiff maintains that the captain told him that he wanted to "gas both of [them]" even though he knew that only Plaintiff's cell mate was causing a disturbance.

Plaintiff's complaint fails as a matter of law. "Florida's four-year statute of limitations for personal injuries applies to claims for deprivations of rights under section 1983." *Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). A claim accrues and the statute of limitations begins to run when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Id.* (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)).

The incident forming the basis of Plaintiff's excessive force claim occurred in April 2008, when the captain sprayed gas in Plaintiff's cell. From the face of the complaint, it is apparent that Plaintiff knew the facts underlying his claim at that time. Plaintiff did not file his complaint, however, until December 2012, after the expiration of the four-year statute of limitations.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **DENIED**.

3. The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida this 21 day of December, 2012.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 12/21
Yvon Moncher